UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
| Plaintiff | ) | CA No. 1:05CV01346 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Chertoff, in his capacity as | ) | |
| Secretary United States Department Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Order of this Court, counsel for the parties in the above-styled matter submits this report:

Defendant's Statement of the Case:

Plaintiff alleges discrimination on the basis of harassment and gender. Defendant argues that, to the degree this Court has jurisdiction of any the claims, plaintiff was not qualified for the position for which plaintiff applied and has not suffered any adverse employment actions. Furthermore, defendant has legitimate business justifications for all actions taken in this case. Additionally, with respect to plaintiff's claims of discrimination, and retaliation, defendant maintains that it had legitimate non-discriminatory reasons for all actions taken in relation to plaintiff's employment and denies that it retaliated against her any way. Specifically, plaintiff's claims of discrimination with respect to her non-selection for promotion and retaliation are not supported by the facts in this case. Finally, any of plaintiff's claims, to extent viable, for compensatory damages would be subject to the statutory maximum set forth in 42 U.S.C. §1981a.

1. Plaintiff does not think the case will be adjudicated based upon a dispositive motion. Plaintiff opposes staying discovery during the pendency of a dispositive motion and supports commencement of discovery as soon as possible. Plaintiff would support a joint motion for a stay to permit alternative dispute resolution. Defendant disagrees and intends to file a dispositive motion that will resolve the matter.

2. Plaintiff will not be joining additional parties. Plaintiff does not foresee the need to amend the pleadings. During discovery additional facts may arise, plaintiff would like to reserve a right amend the pleadings to conform with information gained during discovery. Defendant submits that any parties must be added by April 28, 2006.

3.	Parties opposes assignment to a Magistrate Judge.

4.	Plaintiff does not know whether settlement is likely.  Plaintiff offers $175,000 to settle the case.   Plaintiff also seeks a consent decree or stipulated dismissal mandated policies, training, and procedures geared to prevent retaliation and sex discrimination. Unless defendant is prepared to make a large settlement offer and institute mechanisms to prevent the type of discrimination suffered by Mrs. Vasconez, the case is not going to settle. Defendant is amenable to entertain any reasonable settlement demand.

5a.	Plaintiff's brought this action to break the glass ceiling limiting promotion of female managers within FEMA. Defendant intends to prove that discrimination was not a factor in Plaintiff's employment or her attempts to be promoted.

5b.	Settlement talks have not occurred.

5c.	Plaintiff believes that ADR would be most useful prior to discovery.  Defendant does not oppose entering into an ADR program if discovery is stayed.

5d.	Plaintiff believes the case would be appropriate for an early neutral evaluation. Defendant disagrees, but is willing to enter into an ADR program.

5e.	If defendant reviews paragraph #4 above and thinks settlement is possible, plaintiff would support a joint motion to stay discovery. Defendant is willing to entertain any reasonable settlement offer.

6.	Plaintiff does not think the case can be adjudicated through a dispositive motion. The deadline for filing a dispositive motion should be 30 days after the close of discovery.   Plaintiff should have 30 days of the date of the motion to respond.   Any reply should be due within 15 days of plaintiff's response.  Defendant believes that this case can be adjudicated via dispositive motion and requests 60 days after the close of the discovery given the extensive record in this case.

7.	Plaintiff proposes to dispense with the 26 (a) (1) disclosures.  Defendant requests exchange of 26(a)(1) disclosures.

8.	All discovery can be complete by June 1, 2006.  Discovery can be abbreviated due the fact the allegations have already been summarized in a report of investigation.   A protective order will only be necessary if defendant seeks access to medical or financial records.   Plaintiff suggests the need for no more than 30 interrogatories and seven non-party witnesses. Defendant suggests the discovery limits set by the Federal Rules of Civil Procedure apply.

9.	Parties agree that there is no need to modify the procedure for expert witnesses set forth in the local rules.   Plaintiff does not anticipate calling expert witnesses.   To the extent experts are needed, plaintiff does not see the need to fix a date for the expert

depositions. [She is seeking compensatory damages [and punitive] damages. Defendant anticipates the need for expert witnesses only in rebuttal.

10. Class action rules are inapplicable.

11. Trial should not be bifurcated.

12. Plaintiff proposes July 1, 2006 as the date for a pre-trial conference. Defendant proposes October 1, 2006 as the date for a pretrial conference.

13. Parties agree that the court should set a firm trial date at the first scheduling conference.

_____
Michael Beattie, Esq.
9502 B Lee Highway
Fairfax, Va 22031
Counsel For Plaintiff


_____
Kenneth L. Wainstein, D.C. Bar No. 451058
United States Attorney


_____
R. Craig Lawrence D.C. Bar No. 171538
Assistant United States Attorney


_____
Benton Peterson WI. Bar No. 1029849
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone (202) 514-7238

Counsel For Defendant