UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
| Plaintiff | ) | CA No. 1:05CV01346 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Chertoff, in his capacity as | ) | |
| Secretary United States Department Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER

NOW COMES the Defendant Secretary of Homeland Security, Federal Emergency Management Agency ("FEMA"), by and through his undersigned attorneys, the Department of Homeland Security, Federal Emergency Management answers plaintiff's complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims were not timely.

### THIRD AFFIRMATIVE DEFENSE

3. This Court has no jurisdiction over Plaintiff's Equal Pay Act Claim.

### FOURTH AFFIRMATIVE DEFENSE

4. 42 U.S.C. §1981a(b)(1) does not provide for punitive damages against the United States.

## FIFTH AFFIRMATIVE DEFENSE

5   Plaintiff failed to exhaust her administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

6   This court does not have jurisdiction over Plaintiffs claims under the First and Fifth Amendments to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

7 . In further response to the paragraphs of the Plaintiff's complaint, Defendant answers the enumerated paragraphs as follows:

### Section I.  GENERAL ALLEGATIONS

1. The allegations contained in this paragraph are Plaintiff's statement of party Plaintiff which requires no response; however, insofar as a response is deemed necessary, the Defendant is without knowledge sufficient to admit or deny the allegations contained in this paragraph.

2.   The allegations contained in this paragraph are Plaintiff's statement of party Defendant which requires no response; however, insofar as a response is deemed necessary, Defendant admits that Michael Chertoff is Secretary of the Department of Homeland Security.  Defendant avers that the former Emergency Preparedness and Response Directorate is now the Federal Emergency Management Agency (FEMA) and that David Paulison is currently the Acting Director of FEMA.

3.   Defendant admits the allegations contained in paragraph 3.

4. The allegations found in this paragraph are Plaintiff's statement of Jurisdiction to which no response is required; however, insofar as a response is deemed necessary, Defendant denies that jurisdiction is premised on 28 U.S.C. § 1343.

5. The allegations found in this paragraph are Plaintiff's statement of Venue to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

### Section II  Statement of Administrative Action

6. Defendant denies the allegations in paragraph 6 except to admit that Plaintiff filed an administrative complaint with FEMA's Office of Equal Rights (OER).

7. Defendant denies the allegations in paragraph 7.  Defendant avers that it accepted the issues identified in Plaintiff's July 29, 2003 complaint and Plaintiff's subsequent amendment thereto for the purposes of investigation of Plaintiff's complaint and that Plaintiff identified the basis for her Complaint as sex (female) and reprisal for EEO activity.

8. Defendant denies the allegations contained in paragraph 8.  FEMA avers that it sent Plaintiff a letter on September 16, 2003 accepting for investigation the issues identified by Plaintiff and on December 15, 2003 FEMA sent Plaintiff a letter accepting her clarification of the issues set forth in FEMA's September 16, 2003 letter.  FEMA further avers that the letters speak for themselves.

9. FEMA denies the allegations contained in paragraph 9 except to admit that on April 21, 2004, FEMA issued a letter amending Plaintiff's complaint to include the issues identified in Plaintiff's letter of March 29, 2004.  FEMA avers that the April 21, 2004 letter speaks for itself.

10. The allegations contained paragraph 10 are Plaintiff's conclusions of law to which no response is required. Insofar as a response is deemed necessary, Defendant avers that the statute speaks for itself.

11. Defendant denies the allegations contained in paragraph 11 except to admit that the FEMA completed its investigation, gave Plaintiff gave notice of her rights, and that 180 days has past since Plaintiff filed her formal Complaint.

### Section III.  Liabilty Facts and Rationale

12. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

13. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

14. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

15. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

16. Defendant denies the allegations contained in paragraph 16.

### COUNT I  GENDER HARASSMENT/SUBSTANTIVE DUE PROCESS

17. Defendant repeats and realleges its responses to paragraphs 1 through 16 above and incorporates them as if set forth fully herein.

18. Paragraph 18 appears to be Plaintiff's statement of its case to which no response is required; however, insofar as a response is deemed necessary, Defendant avers that the Constitution and 42 U.S.C. 2000 *et seq.* speak for themselves.

19. Paragraph 19 contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

20. Paragraph 20 contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

21. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

## COUNT II Glass Ceiling Promotions

22. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

23. Paragraph appears to be a statement of Plaintiff's case to which no response is required; however, insofar as a response is deemed necessary, Defendant admits the allegation.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 24 because Plaintiff failed to fully identify the positions referenced.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 25 because Plaintiff failed to fully identify the positions referenced.

26. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

27. Paragraph contains conclusions of law to which no response is required; insofar as a response is deemed necessary; however, insofar as a response is deemed necessary, Defendant denies the allegations.

28. Paragraph contains conclusions of law to which no response is required; however, insofar as a response is deemed necessary, Defendant denies the allegations.

### COUNT III Equal Pay Act

Plaintiff made no allegations under Count III.

### Count IV Retaliation/Freedom of Speech

The unnumbered allegations contained in Count IV appear to be conclusions of law, Plaintiff's statement of her case, and Plaintiff's prayer for relief to which no response is required; however, insofar as a response is required, Defendant denies the allegations. Defendant further avers that certain of Plaintiff's claims for compensatory damages are subject to and limited by 42 U.S.C. § 1981a and that no compensatory damages may be awarded for certain other claims.  Defendant also denies that Plaintiff is entitled to a jury trial on every count of the complaint.  The Defendant Secretary, Department of Homeland Security denies all allegations not specifically admitted or denied.

The Defendant, Secretary, Department of Homeland Security, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant to defendant, Secretary, Department of Homeland Security, costs, expenses and such other relief as may be deemed appropriate.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

**Of Counsel:**

Margaret M. Bees
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security
500 C Street, Southwest, Room 840