UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
| Plaintiff | ) | CA No. 1:05CV01346 (RMU) |
| | ) | |
| | ) | |
| | ) | |
| Michael Chertoff, in his capacity as | ) | |
| Secretary United States Department Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR AN EXTENSION OF TIME
TO COMPLETE DISCOVERY**

The parties jointly move the Court under Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.4 for an extension of time to complete the discovery process. In support of this motion, the parties respectfully refer the Court to the attached memorandum of points and authorities.

Pursuant to LCvR 7(m), Defendant's counsel has consulted with Plaintiff's counsel concerning this motion. Plaintiff, apparently agrees to an extension of discovery but opposes all the relief requested in this motion.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
|     Plaintiff | ) | CA No. 1:05CV01346 (RMU) |
| | ) | |
| Michael Chertoff, in his capacity as | ) | |
| Secretary United States Department Homeland Security, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

Pursuant to Fed. R. Civ. P. 6(b)(1), a deadline set may be extended for good cause if the extension request is made before the expiration of the period prescribed.[1]

1    At a status conference held on August 28, 2006, the following deadlines were established by the Court: Discovery was due by 10/18/2006; Dispositive Motions due by 12/4/2006; Opposition to Dispositive Motions due by 1/11/2007; Replies to Dispositive Motions due by 2/1/2007.

2    After repeated and sincere good faith efforts to negotiate and settle this matter amicably, parties have come to the conclusion that a mutually acceptable settlement is not

---

[1] Pursuant to Local Rule 7 (m) Defendant conferred with the Plaintiff concerning this motion. Plaintiff opposes this motion. After initially agreeing to file for extension time jointly, Plaintiff suddenly reversed herself and indicated that she would file for an extension of time only if it included certain unilateral deadlines for Defendant's production of written discovery. In an attempt to compromise, Defendant agreed to this alteration of the joint motion, on the condition that Plaintiff reciprocate, and add certain dates for Plaintiff to produce discovery. At approximately 4:30pm, the day parties sought to file for the extension, Plaintiff refused the compromise and insisted on filing her own motion for extension asking for a shorter extension with production dates only for Defendant.

forthcoming and have decided to proceed with the litigation of the case.

3   Given that as of the date of this filing, parties have not yet received discovery responses from due in part to an agreement among the parties not to conduct discovery while making sincere attempts at settlement, and due in part to unforeseen events impacting the Defendant agency. As a consequence, parties have been unable to move forward with the conduct of discovery.

4   The Defendant agency is heavily burdened by the unanticipated litigation load stemming from the Katrina Disaster and is currently working beyond capacity. In the interim, Defendant has tapped every available resource, after it became clear that settlement was not possible, to respond to Plaintiff's discovery and is currently in the process of responding.

5   The legal division of Defendant agency, FEMA, the Office of Chief Counsel (OCC) litigation division, is comprised of nine attorneys. Undersigned has been made aware by agency counsel that the Defendant agency has recently experienced an unexpectedly high volume of litigation stemming from the Hurricane Katrina disaster.  Specifically, as programs are being shut down and statutes of limitation are either running or are being perceived as running, FEMA has been served with an increasing number of law suits.  These law suits include several TRO/PI cases, multiple class actions and a myriad of  law suits that have been filed with multiple plaintiffs.  Moreover, in the last four weeks alone, the agency has been served with an average of ten new lawsuits per week and all indications are that more lawsuits will follow.

6         Defendant has suggested to the Plaintiff that the parties exchange written discovery responses no later than October 24, 2006. Since this date is beyond the one originally set by the Court for the completion of discovery, it has become necessary for the parties to approach this Honorable Court for the relief sought.

7         After receipt of responses to discovery requests, both parties will require time to review the responses and seek clarification or further details, as appropriate. Parties will also need time to conduct depositions pertinent to this case.

8         Defendant anticipates that such review and holding of depositions to complete the discovery process will require about 60 days from the date of exchange of discovery responses.

9         However taking into account that this 60 day extension will include the Thanksgiving Holiday and will end around the time of the Christmas Holiday season where witness availability may be limited, and taking into account the exigent circumstances that Defendant has described above, Defendant, therefore, seeking to err on the side of caution, respectfully submit that an additional 20 day extension be added to the anticipated 60 day time frame referred to in paragraph 8 above.

10        The Defendant, therefore, seeks an extension of time until January 15, 2007 to allow the parties to conduct and conclude depositions and for the completion of discovery.

11        Defendant requests that other deadlines such as the dates when Dispositive Motions and Oppositions and Replies thereto are due be moved accordingly to no sooner than thirty days after the close of discovery.

Case 1:05-cv-01346-RMU    Document 15    Filed 10/17/2006    Page 6 of 8

12  To assist in the speedy progress of the depositions, Defendant has agreed to provide a schedule of dates and availability for persons that Plaintiff anticipates that she will depose.

13  Since both parties have conferred and agreed that a general extension of discovery is necessary, no irreparable harm or prejudice will be caused to either party.  Defendant fully intends to move forward with this case in a timely manner.

Wherefore, Defendant respectfully requests that an extension of time until January 15, 2007 be granted to complete the discovery process.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

6

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)

 Benton.Peterson@usdoj.gov