UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
| Plaintiff | ) | CA No. 1:05CV01346 (RMU) |
| | ) | |
| | ) | |
| | ) | |
| Michael Chertoff, in his capacity as | ) | |
| Secretary United States Department Homeland Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL AND EXTEND DISCOVERY

Comes now, Plaintiff Kimberly Vasconez, by and through the undersigned counsel to move this Court under:

(i) Rule 37(a) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(d) to compel discovery from Defendants, and under

(ii) Rule 16(b) of the Federal Rules of Civil Procedure and Local Civil Rule 16.4 for an extension of time for Plaintiff to conduct depositions in order to complete the discovery process.

In support of this motion, Plaintiff respectfully refers the Court to the attached memorandum of points and authorities.

Pursuant to LCvR 7(m), Plaintiff's counsel has consulted with Defendant's counsel concerning this motion. Defendant's counsel does not consent to the motion.

Respectfully Submitted,

_____
MICHAEL J. BEATTIE, D.C. Bar # 450873
Attorney for Plaintiff
9502 B Lee Highway

1

Fairfax, VA 22031
Tel: 703-273-2235/ Fax: 703-273-3440

mjbeattie@verizon.net

**UNITED STATES DISTRICT COURT**

**FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kimberly C. Vasconez,              ) | |
| )                                   | |
| Plaintiff                       ) | CA No. 1:05CV01346 (RMU) |
| )                                   | |
| )                                   | |
| )                                   | |
| Michael Chertoff, in his capacity as ) | |
| Secretary United States Department Homeland ) | |
| Security,                           ) | |
| )                                   | |
| Defendant.                      ) | |

_____

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL AND EXTEND DISCOVERY**

Pursuant to Federal Rules of Civil Procedure Rule 37(a), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party may file a motion to compel the opposing party to answer interrogatories and submit responses to document requests if such party has not done so within the timeline set by the court or within a reasonable time.

Additionally, pursuant to Fed. R. Civ. P. 6(b)(1), a deadline set may be extended for good cause if the extension request is made before the expiration of the period prescribed.

1.  Plaintiff served Defendant with requests for interrogatories and documents on December 14, 2005 (Attached as Exhibit A).

2.  Some weeks later, counsel for Defendant agency indicated his office had misplaced the requests and asked the requests be re-sent via e-mail. Counsel for Plaintiff promptly re-sent the interrogatories and document requests via e-mail on

February 7, 2006.

3. On April 4, 2006, counsel for Plaintiff reminded counsel for Defendant about the discovery requests pointing out the response deadline had passed. However, neither did Defendant submit any responses at that time, nor has Defendant done so up until the time of filing this motion.

4. Defendant agency then initiated settlement discussions. Plaintiff declined to agree to a stay of discovery during the settlement discussions, but instead only agreed to an extension of the discovery cut-off date. The settlement negotiations were unsuccessful.

5. On May 11, 2006 and then again on July 3, 2006 Defendant filed joint motions for extension of time to extend discovery, which the court granted, extending discovery initially to July 1, 2006 and subsequently to August 18, 2006.

6. At a status conference held on August 28, 2006, the following deadlines were established by the Court: Discovery was due by 10/18/2006; Dispositive Motions due by 12/4/2006; Opposition to Dispositive Motions due by 1/11/2007; Replies to Dispositive Motions due by 2/1/2007.

7. Plaintiff has been constrained to delay scheduling depositions due to the Defendant's failure to provide interrogatory answers and documents for almost a year since first being given the discovery requests by Plaintiff. Plaintiff cannot make well informed decisions about who to depose without the answers and documents provided by Defendant.

8. Prior to drafting this motion, Counsel for Plaintiff attempted for a week to get

        Defendant to agree upon a date certain by which Defendant would hand over its responses to Plaintiff's interrogatories and requests for production of documents. However, Defendant was unable to provide Plaintiff with a certain date for the receipt of completed discovery responses.

9. Therefore, as of the eve of this Court's discovery deadline there has been no response forthcoming from Defendant either as to the actual responses to Plaintiff's discovery requests or as to providing Plaintiff with the assurance of delivering such responses by a certain date in the near future.

10. The facts recounted above demonstrate that Plaintiff has been patient and made every good faith effort to resolve the discovery standstill amicably. Plaintiff is therefore entitled to receive answers and responsive documents to its discovery requests from Defendant, and is attempting to obtain such answers by way of this motion to compel discovery, and seeks to do so by October 25, 2006.

11. Owing to Defendant's lack of response to the discovery requests, Plaintiff has been unable to conduct any depositions so far, and would therefore need an extension of time within which to receive and review the responses to the discovery requests from Defendant as well as to conduct and complete depositions.

12. Plaintiff anticipates that such review of discovery responses and holding of depositions to complete the discovery process will require about 75 days from the date of receipt of Defendant's responses to Plaintiff's discovery request[1], or until

---

[1] This extended time frame request of 75 days takes into account the holiday periods of Thanksgiving and Christmas where certain witnesses may be unavailable for depositions.

      January 8, 2007.

13. To assist in the speedy progress of the depositions, Plaintiff requests this Court to order Defendant to provide a schedule of dates and availability for the following persons that Plaintiff anticipates that she will depose: Gary Moore, Eric Tolbert, Michael Lowder, David Garrett, Tom Davies, Richard Braddock, Joseph Sredl, Scott Erickson, Linda Hammett-Morgan, Rocky Loewner, Mike Pawlowski, and John Murray, as well as those designated in a Rule 30(b)(6) Corporate Deposition. If these persons no longer work with the Defendant agency, then Defendant must provide their current addresses and/or other contact information to Plaintiff no later than October 25, 2006.

14. Currently, it appears the case will not settle, and the discovery deadline will expire. Should this occur, Plaintiff will be unable take any depositions. Plaintiff has proceeded in good faith, been patient with late discovery responses, and cooperated fully in mediation. Denying the motion to extend discovery would punish Plaintiff for being so reasonable.

15. Plaintiff requests that other deadlines such as the dates when Dispositive Motions, Oppositions, and Replies thereto are due, remain unchanged by the present motion to extend discovery for Plaintiff.

Wherefore Plaintiff moves the court for an order (1) compelling Defendant to answer Plaintiff's interrogatories and document requests by October 25, 2006 at 12 Noon and (2) extending Plaintiff's period of discovery, mainly to conduct and complete depositions by 75 days

until January 8, 2007, (3) providing a schedule of dates and availability of certain named witnesses to appear at depositions, (4) retaining the current discovery deadline for discovery requests issued by the Defendant, and (5) retaining all other deadlines for dispositive motions and any oppositions and replies thereto.

Respectfully Submitted,

_____
MICHAEL J. BEATTIE, D.C. Bar # 450873
Employee Rights Law Group
9502 B Lee Highway
Fairfax, VA 22031
Tel: 703-273-2235/ Fax: 703-273-3440
mjbeattie@verizon.net
*Counsel For Plaintiff*

Attorney Certification

Pursuant to Fed. R. Civ. P. Rule 37(a)(2), I certify that on behalf of Plaintiff, this office has in good faith conferred or attempted to confer with counsel for Defendant in an effort to secure the answers and responses to Plaintiff's discovery requests without bringing this court action.

_____
Michael J. Beattie
Counsel for Plaintiff