IN THE UNITED STATES DISTRICT COURT FOR
THE District of Columbia

| | |
|---|---|
| Kimberly Vascenez | ) |
|     Plaintiff | ) |
| | ) |
| | )    Case No. |
| | ) |
| | ) |
| | ) |
| Michael Chertoff, Secretary | ) |
| United States Department of Homeland Security | ) |
| Defendant | ) |

**Plaintiff's First Interrogatories and Request for Production of Documents To Defendant**


Plaintiff, Kimberly Vascenez, pursuant to the Federal Rules of Civil Procedure, propounds to defendant the interrogatories listed below and requests for production of documents set forth below. Defendant is requested to respond in writing and under oath. The following instructions apply to those interrogatories and request:

A. "Identify" or "identity", when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known telephone number, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by an answer referring to such person.

B. "Identify" or "identity", when referring to document or writing, means give sufficient characterization of said document or writing so as to have identified it "with all reasonable particularity". "Document" has the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure and such as electronic, computerized, or paper records.

C. In responding to these requests, produce all documents and things which are in your possession, custody, or control of your attorney, investigators for your attorney, independent accountants, directors, trustees, officers, employees, or agents, or any person acting on behalf of or in concert with you or with any of these persons, and not merely documents and things from your own files, records, or facilities.

D. If you cannot respond to any of the following requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided things, documents, or portions of documents, including the source or sources from which things, documents, or portions of the documents may be obtained.

E. If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

F. If any document or thing which is responsive to a request is no longer complete or has been altered, state in what respect the document or thing is incomplete or altered and explain the reasons therefore. If any such document or thing is no longer in existence or no longer in your possession, custody, or control, state the disposition which was made of the document or thing, the reasons for such disposition, the date of disposition, the identity of the person (s) ordering, authorizing and supervising such disposition, the substance or contents or the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing.

G. If any document or portion thereof is or will be withheld because of a claim of privilege or work product or is not produced for any other reason other than destruction, that document is to be identified as follows:
(1) Identify the author of the document;
(2) Identify each person to whom the document indicates the original
or a copy thereof was sent, and to any others who at any other time
possessed the document;
(3) State the date of the document;
(4) State the number of pages, attachments, and appendices;
(5) State the name, title, and address of the present custodian of the
document;
(6) Describe the subject matter of the document or portion thereof for
which the privilege is claimed; and
(7) State the basis on which the privilege is or will be claimed or
the reason asserted for nonproduction.

H. "Person" means and includes, without limiting the generality of its meaning, any natural person, corporate or business entity, firm partnership, association, group, governmental body, agency, or subdivision, committee, commission, or other organization or entity. I. The terms "concerning," "relate to," and "relating to" include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussion, summarizing, showing, describing, reflecting, analyzing, constituting, or in any which way relevant to the specified subject within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

J. "Communication" includes any written or oral communication.

K. As used here, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The male gender form of a pronoun shall also include the female gender form of the pronoun. The use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

L. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

M. "Each," "any," and "all" are both singular and plural.

N.  "Relavent times" and "Relevant time period" mean the period of time of the events described in the lawsuit.

O. Each document sought to be produced by this request shall be produced in and with the file folder and other documents in which such document was located when this request was served.

P. Documents shall be produced in the condition and order of arrangement in which they existed when this request was served and shall not be ""shuffled"" or otherwise rearranged when produced.

Q. These interrogatories and these requests are continuing and call for prompt, further, and supplemental production whenever the plaintiff receives or discovers additional information or documents sought to be produced hereby. You are notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses if you obtain information upon the basis of which you know that your response was correct or incomplete when made, or you know that the response, thought correct and complete when made, is no longer true and complete.

## Specific Interrogatories

1. State your name, business address, title, and job duties that you currently perform with the defendant/employer.

2. Identify all persons who you expect to call as witnesses, including experts, the subject matter of their testimony, the substance of facts or opinions on which they are testifying, and the grounds for each opinion on which they are testifying.

3. Please review the facts alleged in the complaint filed with the court.  Identify all persons who have knowledge of relevant facts of the allegation made in the lawsuit including an EEO specialists or officials who may processed this claim and describe the issues or areas over which they have knowledge, whether the individual is a current or former employee, the person's last known home and work phone, fax, e-mail, address, and cell phone number, and a summary of their expected testimony.

4.      Where and with whom may subpoena for their attendance at depositions and court proceedings be served?

5. Identify completely and specifically the date(s) and nature of all incidents where the plaintiff failed to:
A. Perform his job in a professionally competent manner.
B. Follow instructions of his supervisor.

    C. Abide by defendant employer's rules or regulations.

6. If the defendant employer contends that the plaintiff violated any rule or procedure of the defendant employer, set forth each such rule or procedure:
A. The official defendant responsible for implementation;
B. The date of implementation
C. Whether it was reduced to writing;
D. If it was reduced to writing, identify all documents containing such
rule or procedure; and
E. If it was not totally reduced to writing, set forth completely the
substance of each portion as was not reduced to writing.

7. State whether any present or former employees of the defendant employer provided any statements to the defendant employer''s management or supervisory personnel, where such statements dealt, in whole or in part, with the plaintiff''s performance of duties while employed by he defendant employer, and if so, state completely for each statement:
A. The name, last known addresses (both business and residential), and
present occupation of the person who made such statement; and
B. The complete substance of the statement relative to the plaintiff.

8. State the names and last known addresses of all those that the defendant employer contends have knowledge of discoverable matters relative to this action, including, but not limited to those who may be called as witnesses.

9. State the defendant employer's estimate of the value of the stock options that were denied as a result of his termination.

10. State the name and position with the defendant employer of the person who has the most knowledge concerning this case and/or events leading up to plaintiff''s discharge from employment.

11.     List with case captions and case numbers for all claims of discrimination based upon sex and retaliation currently pending against the defendant in any court or administrative body and for each case list the contact information for each claimant, plaintiff, and attorney.

12.     Regarding each allegation accepted for investigation including any amendment, provide the agency's legitimate non-discriminatory reason for each event including the reason for not hiring plaintiff for the position.

13.     Regarding each and every allegation accepted for investigation including any amendments to the complaint, provide a list with specificity any and all disputed factual issues and a summary of the testimony or documents supporting the factual dispute if documents indicate a factual dispute the answer should specifically reference and attach the documents.

14.     Regarding each and every allegation accepted for investigation including any amendments to the complaint, state whether any male FEMA employee has ever been experienced this type of

problem or environment.

15.     Regarding each and every allegation accepted for investigation including any amendments to the complaint, state whether any individual has ever filed a formal sex or retaliation complaint containing similar allegations or involving the same managers referenced in plaintiff's complaint. If there have been any similar case, provide attach a copy of the formal complaint, contact information for the complainant, and a summary of its outcome or current status.

16.     Does a review of the documents requested and the types of documents that should be found in a case such as this indicate that documents are missing and if so what documents appear to be missing?

## Request For Production of Documents

1. Each and every document identified in response to Defendant's First
Set of Interrogatories served herewith.

2. Any document deemed by the plaintiff to be relevant to any allegation in the complaint.

3. Any document to be offered as an exhibit at trial by the plaintiff.

4. Each and every document related to the plaintiff's claim for damages.

5. Any written or recorded statements taken from any lay expert witness concerning this case.

6. Any and all documents contained in individual "private" set of records relating to plaintiff's employment with the defendant, including, but not listed to, any personal documents, and any diaries, journals, planners, or notebooks kept by employees of defendant during or after employment with defendant.

7.     Any and all documents including employee handbooks, summary plan descriptions of benefit plans offered, job descriptions, disciplinary actions taken against plaintiff.

8.     Any document related to plaintiff such as but limited to personnel records.

9.     Statistics, other affirmative action studies, recommendations and conclusions, or equal employment reports discussing FEMA's need for future action, effort to, lack thereof to (1) promote woman to GS-13 and higher positions (2) impendment's to advancement of women in the agency.

10.     Written final decision issued since January 1, 2002 by any court, arbitration, or the EEOC involving sex discrimination or retaliation.

11.     List and identify, by date and description, all documents in the possession of or under the control of the defendant or any of its officers, agents, or employees relating to matter in suit including all correspondence between such persons relating to the subject matter in

question. Please attached copies of all such documents in a manner similar to called for in Rule 34 of the Federal Rules of Civil Procedure. For each document not provided in discovery provide a log of all withheld documents including the rationale for withholding each document.

12. Documents relating to any personnel or employment actions taken in response to plaintiff's complaint such as but not limited to any disciplinary or corrective action taken against persons referenced or complained of in plaintiff's formal complaint.

Respectively submitted,

__________________________

Michael J. Beattie
9502B Lee Highway
Fairfax, VA 22031
703-267-5784 Phone
703-385-0074 Fax

Certificate of Service

I hereby that on this _____ day of _____, a copy of the foregoing Plaintiff's First Set of Interrogatories to Michael Chertoff upon _____, counsel for Defendant.

_____
Michael J. Beattie, Esq. #450873