UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| Kimberly C. Vasconez, )<br>)<br>Plaintiff ) <br>)<br>)<br>)<br>Michael Chertoff, in his capacity as )<br>Secretary United States Department Homeland )<br>Security, )<br>)<br>Defendant ) | CA No. 1:05CV01346 (RMU) |

_____

**MOTION TO RECONSIDER ORDER EXTENDING DISCOVERY**

Comes now, Plaintiff, by and through her undersigned attorney to request this Court to reconsider its October 20, 2006 Order granting Defendant's Motion for Extension of Time to Complete Discovery, especially in the light of Plaintiff's Motion to Compel and Extend Discovery filed on October 18, 2006, and also in the light of the fact that Defendant's Motion was not a joint motion but should have been treated as opposed:

In support of this motion, Plaintiff respectfully refers the Court to the attached memorandum of points and authorities.

Pursuant to LCvR 7(m), Plaintiff's counsel has informed Defendant's counsel concerning this motion. Defendant's counsel does not consent to the motion.

Respectfully Submitted,

_____
Attorney for Plaintiff
9502 B Lee Highway
Fairfax, VA 22031
Tel: 703-273-2235/ Fax: 703-273-3440

mjbeattie@verizon.net

1

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kimberly C. Vasconez, | ) | |
| | ) | |
| Plaintiff | ) | CA No. 1:05CV01346 (RMU) |
| | ) | |
| Michael Chertoff, in his capacity as Secretary United States Department Homeland Security, | ) ) ) ) | |
| | ) | |
| Defendant | ) | |

_____

**MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER ORDER EXTENDING DISCOVERY**

1.      At the outset, Plaintiff believes it necessary to point out there appears to have been some form of miscommunication between both counsels, since the Defendant's Motion for Extension of Time to Complete Discovery should not have been filed as a 'joint' motion.

2.      While it is true that counsel for both parties did consult and confer with each other in an attempt to file a joint motion for extension of time, they were not able to reach a consensus as to the date of receipt of completed discovery from Defendant.

3.      Therefore it was decided by both counsels that separate motions will be filed and were to be treated as "opposed" motions, and not unopposed as Defendant has portrayed by labeling his motion as a joint motion.

4.      Defendant filed its motion to extend discovery on October 17, 2006 and Plaintiff filed a Motion to Compel Discovery on October 18, 2006.

5.      Plaintiff had submitted her discovery requests to Defendant about 10 months ago on December 14, 2005, and has been patiently awaiting a response, so that she may be able to schedule depositions based on those discovery responses. However intermittent settlement negotiations, and repeated motions for extensions of time to complete discovery have delayed the process by nearly a year.

6.      Therefore, at this stage Plaintiff wanted to elicit a "date certain" by which she would be assured of receipt of completed discovery from Defendant, and approached Defendant to arrive at such a consensual date. Defendant, however, was evasive as to the certainty of such a date, and Plaintiff was therefore left with no alternative but to file a motion to compel.

7.      By filing the Motion for Extension of Time as a Joint Motion, Defendant inadvertently mislead the Court into granting an extension of time for both parties. However such a situation would be unfair and legally unfeasible for the several reasons.

8.      Defendant's interrogatory requests are dated September 18, 2006. However by the time Plaintiff's attorney received them in hand by mail it was September 21, 2006. This gave Plaintiff less than the prescribed 30-day time period to respond to discovery

requests, since the Court's deadline for completion of discovery was October 18, 2006.

9.      Based on the above described dates and timeline, discovery already ended before the due date for Plaintiff to submit her responses to the interrogatory requests, and this was due to no fault of Plaintiff but rather the late submission of discovery requests by Defendant. Plaintiff is therefore not bound to respond to Defendant's discovery.

10.     By filing its motion for extension of time to complete discovery as a joint motion, Defendant was seeking to extend its own discovery deadline even though technically Defendant is not entitled to receive the responses from Plaintiff, due to late submission of discovery requests by Defendant. Plaintiff, on the other hand, by filing a motion to compel has preserved her rights to get responses to her discovery requests, and also an extension of time for Plaintiff to complete depositions.

    Wherefore, Plaintiff respectfully requests that the Court reconsider its Order of October 20, 2006 by treating Defendant's Motion for Extension of Time as opposed and by taking into account Plaintiff's Motion to Compel. Plaintiff also respectfully requests that instead of both parties being ordered to respond to discovery by October 27, 2006 it is only Defendant who should be so ordered.

                                            Respectfully Submitted,


                                            _____
                                            Michael J. Beattie