UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KIMBERLY C. VASCONEZ     )
                         )
    Plaintiff,            )
                         )
    v.                    )     Civil Action No. 05-1346(RMU)
                         )
MICHAEL CHERTOFF          )
                         )
Defendant                 )

### STIPULATED PRIVACY PROTECTION ORDER

The parties in this case, which involve allegations of sex discrimination and retaliation, are engaged in discovery. The parties contemplate the exchange of documents or other information containing personnel and other information which may be protected the Privacy Act of 1974, 5 U.S.C. ¶ 552a. In order to permit the parties to use information relevant to this case without undermining the privacy interests of third parties,

**IT IS HEREBY ORDERED,** pursuant to Fed. R. Civ. P. 26(c) and the general privacy protection principles, that this Order shall govern the production and use of any records, documents and/or information that are protected and/or that otherwise intrude upon the privacy interests of present or former government employees (hereafter collectively referred to as "Protected Materials").

1. The parties are hereby authorized to release to each other, their respective counsel and the Court in this case, records or information derived from such records, pertaining to past or present federal employees (1) release of which otherwise would be prohibited by the Privacy Act or by privacy protection principles but is not objectionable on other grounds; and (2) that is relevant to this

action. This release may occur without obtaining the prior written consent of the individuals to whom such records or information pertain. Such disclosure of records or information, and other materials that either party may determine to be of a confidential or sensitive nature, shall be subject to the provisions of paragraphs 1 through 14 of this Stipulated Privacy Protection Order ("Stipulated Order").

2. For purposes of this Stipulated Order, the term "Protected Information" means documents, information, government records, or other materials that are subject to the provisions of this Stipulated Order. Counsel for the party releasing to opposing counsel documents, materials, information, or government records covered by this Order shall, by cover letter mailed with the disclosures to opposing counsel, provide notice that the items disclosed contain Protected Information that is subject to this Order.

3. To the extent feasible, the producing party will mark documents or materials containing Protected Information with the designation "CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Upon request from the receiving party, Counsel for the producing party will promptly explain the basis for designating such material as being subject to the Stipulated Order. Answers to interrogatories, if any, that contain Protected Information also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4. Except as provided in paragraph 5, <u>infra</u>, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts containing Protected Information.

5. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that has been designated as subject to this Stipulated Order pursuant to paragraph 3, <u>supra</u>, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Order and shall be filed in the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words "under seal" and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

6. Except insofar as a person would have access to Protected Information apart from this litigation in the normal course of business (as, for example, any doctor would have access to records he or she created, and certain of Defendant's employees would have access to particular government records), access to the material and information designated as subject to this Stipulated Order shall be limited to:

a) the parties

b) counsel for the parties to this litigation and their law clerks, interns, legal assistants, paralegals, and secretaries, to the extent those individuals are assisting the attorneys in this litigation;

c) the Court and its personnel, including court reporters;

d) third parties whose testimony is taken in this action, but only to the extent necessary to elicit testimony concerning Protected Information; and

e) consultants and expert witnesses retained by any party to this litigation, only if necessary for their expert opinion and/or testimony.

7. All persons who are listed in paragraph 6 (except the Court and the producing agency's employees and counsel for the producing agency) and who have a need to review Protected Materials consistent with the restrictions in paragraph 6 must sign an "Acknowledgment of Protective Order" before they may be given access to Protected Information. Each counsel shall retain on behalf of their client a separate file containing such executed Acknowledgment Forms for individuals involved in the case, but need not provide those forms to opposing counsel, except by stipulation of the parties or by order of the Court upon a showing of just cause.

8. The parties agree that all documents described in paragraph 1 shall be produced to Defendant's counsel and Plaintiff's counsel on condition that they may be received and utilized only in this case and only by Agency attorneys and legal staff working on this case, and/or medical consultants and experts engaged by Defendant's attorneys to work on this case. Plaintiff's medical records or other private records are not to be knowingly disclosed to any other persons including but not limited to Agency managers and employees. Plaintiff's medical records and other private documents are not to be discussed with any other persons.

9. Except as otherwise provided herein, no person having access to Protected Information shall reveal such information to any person not named in paragraph 6 without further Order of the Court or stipulation of the parties, provided however that nothing contained herein shall be construed so as to limit or restrict agency's or person's use of records which that agency or person produces pursuant to this Protective Order.

10. All individuals to whom documents subject to this Stipulated Order are disclosed shall return any and all such documents and copies thereof in their possession in a timely manner, such that the documents or copies may be returned ultimately to the producing party within 20 days of the termination of this litigation, including any appeals thereof, or the termination of such individual's role in the case, whichever comes earlier.

11. Any document created by Plaintiff or his counsel which contains or reflects Protected Information released by Defendant must be destroyed within thirty (30) days of the conclusion of all trial and appellate proceedings in this case. Plaintiff shall certify in writing to the Defendant, within thirty-five (35) days of the conclusion of the litigation, that the documents have been destroyed.

12. This Stipulated Order does not constitute a ruling on the question of whether any particular information or document is properly discoverable or admissible, and does not constitute a ruling on any potential objection as to whether any document or information is discoverable.

13. Nothing contained in this Stipulated Order shall be construed as precluding the parties from introducing Protected Information into evidence at the trial of this case. If, however, such information is to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected. This Stipulated Order is without prejudice to the rights of any party to make any evidentiary objections at trial.

14. This Stipulated Order shall not apply to documents that contain Classified information.

15. This Stipulated Order is without prejudice to the rights of any party to seek from the Court modification of this Stipulated Order.

16. Defendant is hereby authorized to release to plaintiff privacy-protected records pertaining to himself. This Stipulated Order does not regulate plaintiff's use of privacy-protected records pertaining to herself except to the extent that such records otherwise constitute Protected Information.

Respectfully submitted,

Michael Beattie, Esq.
9502 B Lee Highway
Fairfax, Va 22031
Counsel For Plaintiff

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

Dated: October    2006

IT IS HEREBY ORDERED:

Dated: 10/27/06                  _____
                                 UNITED STATES DISTRICT JUDGE