UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

Kimberly C. Vasconez, )
)
Plaintiff )  CA No. 1:05CV01346 (RMU)
)
)
)
Michael Chertoff, in his capacity as )      **FILED**
Secretary United States Department Homeland )
Security, )  MAY 8 - 2007
)
   NANCY MAYER WHITTINGTON, CLERK
         U.S. DISTRICT COURT
Defendant.

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Settlement Agreement is hereby entered into by and between Kimberly Vasconez (hereinafter "Ms. Vasconez" or "Plaintiff") and Michael Chertoff, Secretary Department of Homeland Security (hereinafter the "Defendant").

WHEREAS, Ms. Vasconez has filed the above-captioned civil action alleging that the Defendant discriminated against her by not selecting her for a position based upon her sex, and in reprisal for participating in past protected activity, all in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000 et seq.;

WHEREAS, Defendant has denied the allegations of unlawful discrimination and retaliation as made by Plaintiff in the above-captioned civil action;

WHEREAS, Plaintiff and Defendant have agreed to resolve the issues raised in the above-referenced civil action amicably and without need of further litigation;

NOW THEREFORE, in consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby

acknowledged, the parties hereto agree as follows:

1. <u>Plaintiff's Undertakings</u> – Plaintiff hereby agrees to take the following actions:

(a) <u>Dismissal of Civil Action/Claims</u> – Plaintiff agrees that by signing this Agreement she is dismissing this action and agrees to file a Motion to Withdraw (with prejudice) any other actions currently pending or contemplated against the Defendant in this and any other Court arising from her employment with the Defendant, including all claims of discrimination and retaliation that have, or could be, raised in these proceedings and all claims for costs and attorney's fees that have, or could be, made in these proceedings. Moreover, Plaintiff agrees to withdraw and dismiss (with prejudice) any and all complaints pending or contemplated against the Defendant in any administrative proceeding or body to which she has sought redress.

(b) <u>Plaintiff's Release of Claims</u> – Plaintiff, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges the defendant, the United States, the Federal government, and other Federal agencies and their respective employees and agents, from any and all claims, attorney fees, demands, or causes of action which she has asserted or could have asserted in the above-captioned civil action or any other action pending or contemplated in this Court or any other court or administrative proceeding and which concerns her employment at the Defendant from the beginning of her employment to the date of the execution of this Settlement Agreement;

2. <u>Defendant's Undertakings</u> –

(a) <u>Attorneys' Fees and Expenses</u> – Defendant will pay Plaintiff Eighty Three Thousand Five Hundred Dollars ($83,500.00)--it is understood that Plaintiff represents that this amount constitutes payment of her attorneys' fees and costs and is in full satisfaction of this

action and any other action currently pending in this Court or any other court or administrative proceeding involving claims or complaints by Kimberly Vasconez against the Department of Homeland Security and the United States--from the U.S. Treasury to the account of Michael J. Beattie (attorney for Kimberly Vasconez) Bank: Suntrust, A/c Number:

Routing Number:            , Name of A/c Holder:

. It is understood and agreed that liability for taxes on this amount, if any, shall be the sole responsibility of Plaintiff.

(b) <u>Letter of Reference</u> – Upon written request by Vasconez or her future employers, DHS shall provide Vasconez a letter of reference setting forth Vasconez's date of hire, separation date, positions held, salaries for each position.

3. <u>No Admission of Wrongdoing</u> – Nothing in this Settlement Agreement shall be construed as an admission of a violation of law, rule or regulation, or of any wrongdoing whatsoever by the Defendant. Furthermore, the parties agree that this Stipulation shall not be used as evidence or otherwise in any pending or future civil or administrative action against the Defendant or any department, agency, or instrumentality of the United States.

4. <u>Agreement Constitutes Full Understanding</u> – The parties hereto acknowledge that this Settlement Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil action, and any other action currently pending or contemplated in this Court or any other court or administrative proceeding and brought by Plaintiff against the United States or the Defendant. By executing this Settlement Agreement, the parties further acknowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed

by any party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of Plaintiff against Defendant; that the parties voluntarily enter into this Settlement Agreement without duress, coercion or undue influence. The parties further acknowledge that the terms of this Agreement may not be altered, amended changed, supplemented or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

5. <u>Signing Authority</u> – Plaintiff represents that, in entering into and executing this Stipulation, she has relied on her own investigation, has had an opportunity to consult with her own counsel, and that she has been given a reasonable period of time within which to consider the terms and conditions thereof. Further, the parties hereby agree that:

(a) They each have read and understand the terms and conditions of this Settlement Agreement; and

(b) They each enter into this Settlement Agreement voluntarily, with full knowledge of its significance, effects and consequences, and without duress, threat, coercion, intimidation, promise or inducement other than the terms and conditions set forth herein.

(c) They each warrant that they are fully authorized to sign this Agreement on behalf of themselves, if they are signing in their individual capacity, or on behalf of the entity they represent, if they are signing on behalf of an entity.

6. <u>Execution of Settlement Agreement</u> – Execution of this Settlement Agreement by plaintiff and counsel for the defendant shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure upon filing with the Court, except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Agreement.

WHEREFORE, the parties hereto, intending to be legally bound, through their respective

counsel of record, have stipulated and agreed to the foregoing.

By Plaintiff:

*/signature/*
Kimberly Vasconez

*/signature/*

Michael J. Beattie, D.C. Bar #450873
Counsel for Plaintiff
9502 B Lee Highway,
Fairfax, VA 22031

By Defendant's Attorneys:

*/signature/*
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

*/signature/*
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

*/signature/*
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C. 20530
   (202) 514-7238 514-8780 (Facsimile)
   Benton.Peterson@usdoj.gov

SO ORDERED.

5/8/07
Date

_Ricardo M. Urbina_
UNITED STATES DISTRICT JUDGE

6